# In the United States Court of Federal Claims
(Pro Se)

|  |  |
|---|---|
| HASKELL ARMOND WILLIAMSON, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 23-263C |
| v. ) | (Filed: April 20, 2023) |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

Haskell Armond Williamson, Jr., pro se, Helena, OK.

Margaret J. Jantzen, Trial Attorney, Commercial Litigation Branch, Civil Division, with whom were, Steven J. Gillingham, Assistant Director, Patricia M. McCarthy, Director, and Brian M. Boynton, Principal Deputy Assistant Attorney General.

## OPINION AND ORDER

**KAPLAN, Chief Judge.**

Haskell Armond Williamson, Jr., currently incarcerated in Oklahoma and proceeding pro se, alleges that the United States "failed to prevent Oklahoma state officials from violating federal law." Compl. at 1, Docket No. 1. Specifically, Mr. Williamson is a member of the Choctaw Nation and claims that the United States violated various treaties between the Choctaw/Chickasaw Nation and the United States when it "failed to protect [him] from being subject to Oklahoma state criminal law and his property from loss or damage." Id. at 1–3. He demands $100 per day in damages for wrongful incarceration, $300,000 for loss of income, attorney's fees (even though he is proceeding pro se), litigation costs, and $1 million in punitive damages for ongoing treaty violations. Id. at 4. As explained in further detail below, Mr. Williamson's complaint is **DISMISSED without prejudice**.[1]

---

[1] Mr. Williamson also filed a motion for leave to proceed in forma pauperis. See Docket No. 2. To proceed in forma pauperis, a plaintiff must submit an affidavit that includes a statement of his assets, a declaration that he is unable to pay the fees or give the security for an attorney, and a statement of the nature of his action and his belief that he is entitled to judgment. 28 U.S.C. § 1915(a)(1). An incarcerated person must also "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint." Id. § 1915(a)(2). Here, Mr. Williamson satisfied these requirements. The Court will therefore grant his application to proceed in forma pauperis.

**DISCUSSION**

Jurisdiction is a threshold matter, Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95 (1998), and the Court has an independent obligation to satisfy itself of its jurisdiction, Arbaugh v. Y&H Corp., 546 U.S. 500, 506–07, 514 (2006). The Court may therefore raise the issue of subject-matter jurisdiction on its own at any time without a motion from a party. Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004). "If the [C]ourt determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Rule 12(h)(3) of the Rules of the Court of Federal Claims; see also Arbaugh, 546 U.S. at 506–07, 514 (stating that courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party").

And while it is well established that complaints filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met, Bernard v. United States, 59 Fed. Cl. 497, 499, aff'd, 98 F. App'x 860 (Fed. Cir. 2004); see also Zulueta v. United States, 553 F. App'x 983, 985 (Fed. Cir. 2014) ("[T]he leniency afforded to a pro se litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." (quoting Kelley v. Sec'y, U.S. Dep't of Lab., 812 F.2d 1378, 1380 (Fed. Cir. 1987))).

The Court of Federal Claims has jurisdiction under the Tucker Act to hear "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). While the Tucker Act waives the sovereign immunity of the United States to allow a suit for money damages, United States v. Mitchell, 463 U.S. 206, 212 (1983), it does not confer any substantive rights, United States v. Testan, 424 U.S. 392, 398 (1976). Plaintiffs invoking the court's jurisdiction must therefore identify an alternative source of a substantive right to money damages arising out of a contract, statute, regulation, or constitutional provision. See Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008).

Mr. Williamson has failed to identify a source of law that is money-mandating. He points to three treaties entered between the United States and Choctaw/Chickasaw Nations: the 1830 Treaty of Dancing Rabbit Creek, 1837 Treaty of Doaksville, and 1866 Treaty of the Choctaws and Chickasaws. Compl. at 2–3. He argues that the treaties "can fairly be interpreted as mandating compensation by the federal government for the damage sustained." Id. at 3 (citing 28 U.S.C. § 1491(a)). These treaties, however, do not include any language that suggests that they are money-mandating.

The Treaty of Dancing Rabbit Creek states that "no Territory or State shall ever have a right to pass laws for the government of the Choctaw nation," and that the "United States [is] hereby obligated to secure to the said Choctaw Nation . . . the jurisdiction of government of all the persons and property that may be within their limits." Choctaw Nation-U.S., art. IV, Sept. 27, 1830, 7 Stat. 333. It further mandates the United States to "see that every possible degree of justice is done to . . . the Choctaw Nation" for "[a]ll acts of violence committed upon persons

and property of the people of the Choctaw Nation." Id. art. VII. The Treaty of Doaksville granted the Chickasaws a district in the Choctaw Nation and established that both Nations would receive equal rights and privileges. Art. I, V, Jan. 17, 1837, 511 Stat. 573. The Treaty of the Choctaws and Chickasaws states, among other things, that Choctaw or Chickasaw people and people who marry members of the Choctaw or Chickasaw Nation are subject to the laws of the Choctaw and Chickasaw Nations, including their prosecution, trial, and punishment. Art. XXXVII, Apr. 28, 1866, 14 Stat. 769; see also Compl. at 3.

To confer jurisdiction under the Tucker Act, treaty provisions must be able to be "fairly interpreted" as providing a right to monetary compensation from the United States. Jarvis v. United States, No. 2022-1006, 2022 WL 1009728, at *2–3 (Fed. Cir. Apr. 5, 2022) (finding no provision in the 1866 Treaty with the Cherokee money-mandating). The Treaty of Dancing Rabbit Creek and the Treaty of Doaksville could be read to protect members of the Choctaw and Chickasaw Nations from state laws, but they do not have any clauses that authorize money damages from the United States. See Moore v. United States, 163 Fed. Cl. 591, 595 (2022) (dismissing complaint based on the same alleged treaty violations for lack of subject-matter jurisdiction). Mr. Williamson's broad assertion that the Treaty of Dancing Rabbit Creek "commits [the United States] to see that 'every degree of justice' is to be done should Choctaws suffer injury to either their person or property" also does not satisfy this court's jurisdictional requirements. Compl. at 3–4 (quoting art. VII, 7 Stat. 333).

Likewise, the Treaty of the Choctaws and Chickasaws is not money-mandating. See generally 14 Stat. 769. It is a treaty intended to establish "[p]ermanent peace and friendship . . . between the United States and said nations" and for the Choctaws and Chickasaws "to maintain peaceful relations with each other, with other Indians, and with the United States." Id. art. I. Therefore, the Court lacks jurisdiction over Mr. Williamson's claims.

## CONCLUSION

For the foregoing reasons, Mr. Willaimson's complaint, Docket No. 1, is **DISMISSED without prejudice**. Mr. Williamson's motion to proceed in forma pauperis, Docket No. 2, is **GRANTED**. The government's motion for an extension of time to file an answer to the complaint, Docket No. 7, is **DENIED as moot**. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

ELAINE D. KAPLAN
Chief Judge